O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TINA ROBERTSON O/B/O A.E., | ) | CASE NO. ED CV 07-01409 (RZ) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| Defendant. | ) | |

Plaintiff, a minor appearing through her guardian *ad litem*, seeks review of the Social Security Commissioner's decision denying her application for Supplemental Security Income.  The Court remanded a previous action, upon stipulation of the parties. The stipulation directed the Commissioner's delegate, the Administrative Law Judge, to "consider and provide specific reasons for rejecting or accepting the lay witness testimony," and to provide Plaintiff a new hearing.  [AR 288]  On remand, the Administrative Law Judge failed to comply with this direction.

There are two places in the post-remand decision where the Administrative Law Judge discusses the lay testimony.  After reciting some of the claimant's testimony and that of her mother, the Administrative Law Judge wrote:

/ / /

/ / /

1  
2  
3  
4  
5  
6  
> After considering the evidence of record, I find that the claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms, but that the statements of the claimant and her mother concerning the intensity, persistence and limiting effects of the claimant's symptoms are not entirely credible.

7  

8  [AR 248]  There is no elaboration of this statement.

9  Later in the decision, the Administrative Law Judge wrote:

10  

11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
> I have considered and rejected the statements and testimony of the claimant's mother, father, and grandmother (Exhibits 1E, 3E, 4E, 5E, 6E, 7E, 8E, 9E, 10E, 11E, 12E, 13).  The claimant's grandmother lives with the claimant and her parents.  The claimant's relatives have an affinity for the claimant and want to help her.  Moreover, according to the claimant's testimony, both her mother and father receive disability benefits.  Her mother and father have a pecuniary interest in their daughter's claim as they will financially benefit if the claimant is awarded disability benefits.

21  

22  [AR 251]  There is nothing more specific about any grounds for bias or any other basis for  
23  discounting the lay testimony.

24  The Administrative Law Judge did not comply with the mandate of this Court.  
25  The Judgment directed him to proceed in accordance with the stipulation for remand; and  
26  the stipulation required him to provide specific reasons for rejecting or accepting the lay  
27  testimony.  But the Administrative Law Judge did not do so, confining himself instead to  
28  the cursory comments above.  "Deviation from the court's remand order in the subsequent

administrative proceedings is itself legal error, subject to reversal on further judicial review." *Sullivan v. Hudson*, 490 U.S. 877, 885-86 (1989) (citations omitted). The Administrative Law Judge could not discharge his obligation to comply with the Court's mandate by using magic words that would insulate his decision.

Case law in the Ninth Circuit makes clear that much more consideration must be given to lay testimony. Such evidence must be considered because it is competent, and it can be rejected only if reasons germane to each particular witness are identified. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). While the association of a lay person with the claimant may be one factor which an administrative law judge can consider in combination with others, *see, e.g., Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006), what the Administrative Law Judge did here flies directly in the face of the ruling in *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996). He rejected the testimony of family members because they were just that — family members. Yet, parents always benefit financially when a minor child receives financial payments; parents and grandparents always want to help their children and grandchildren. These truisms do not mean that family members' testimony can be rejected, however, or stated more bluntly, that family members will lie to advance their familial interests.

In this Court, Defendant argues that the Administrative Law Judge properly discredited the family testimony because he discussed the evidence under the domains he was required to assess for childhood disability, and contrasted the evidence with the testimony of the family members. It is true that lay testimony may be discredited if it conflicts with medical evidence, *see, e.g., Vincent ex rel Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*per curiam*). But that was not the situation here. In the first place, some of the Administrative Law Judge's findings in fact *were* consistent with the observations of the family members. Thus, the Administrative Law Judge found that Plaintiff had a marked limitation in interacting and relating with others, because she was shy and had low self-esteem. [AR 253] This was entirely consistent with observations from Plaintiff's mother and grandmother in reports which the Administrative Law Judge

rejected.  [AR 97-103; 107-111; 115; 117-18]  Beyond the fact that the evidence was not always in fact inconsistent with the family statements, the argument the Commissioner makes here in court is not the same as the decision which the Commissioner made administratively.  The administrative decision does not, in fact, contrast other evidence with the lay testimony, and Defendant's attempt to do so in his memorandum to the Court does not change what Defendant did administratively.  This Court can review only the decision the Defendant made administratively, not the *post hoc* decision the Defendant would make in this Court.  *Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991); *Connett v. Barnhart*, 340 F.3d 871, 873 (9th Cir. 2003).

When an Administrative Law Judge does not give adequate reasons for discrediting lay testimony, the lay testimony is to be credited as a matter of law.  *Howell v. Astrue*, 248 Fed. Appx. 797, 800 (9th Cir. 2007), *citing Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The failure to properly discuss competent lay testimony favorable to the claimant cannot be considered harmless error unless the Court can confidently conclude that no reasonable administrative law judge, when fully crediting the testimony, could have reached a different disability determination.  *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1056 (9th Cir. July 25, 2006).  Here, the Court concludes just the opposite.

As the Administrative Law Judge recognized, a minor claimant who has marked limitations in two of six functional domains has an impairment that functionally equals a listing under the Listing of Impairments, 20 C.F.R. Part 404, subpart P, Appendix I, and therefore is disabled, *see* 20 C.F.R. §§ 404.924, 404.926 and 404.926a, and consequently entitled to receive Supplemental Security Income if otherwise eligible for such a benefit.  The Administrative Law Judge determined here that Plaintiff had marked limitations in one domain, the domain of interacting and relating with others.  [AR 253]  But, if the lay evidence had been fully and properly considered,  Plaintiff also would have had marked limitations in the domain of "caring for yourself," which includes whether the

1  child maintains a healthy emotional and physical state, how the child copes with stress and

2  changes in her environment, and how she takes care of herself.  20 C.F.R. § 416.926a(k).

3          The lay evidence gave several indications of Plaintiff's marked limitation in

4  this area.  Plaintiff's mother wrote of Plaintiff's hitting herself, pulling her hair or engaging

5  in other self-destructive behavior, such as clawing at her arms.  [AR 102, 115] Plaintiff's

6  grandmother wrote of Plaintiff's failing to take care of herself in basic ways, such as failing

7  to shower and put on clean clothes.  [AR 107]  These match up with some of the examples

8  set out in the regulations, 20 C.F.R. § 416.926a(k)(3)(iii) and (iv), and with the more

9  general descriptions in the regulations, *see* 20 C.F.R. § 416a(k)(1)(i)–(iii). These problems

10  in self-regulation and self-destructive behavior are at least "more than moderate," at least

11  when considered cumulatively with Plaintiff's physical status of being obese (weighing

12  approximately 350 pounds as a youngster), thereby falling under the category of "marked"

13  limitation of functioning in this domain.  20 C.F.R. § 416.926a(e).

14          Properly evaluating the lay evidence then, as the Administrative Law Judge

15  had been mandated, would have led to a second domain in which Plaintiff had marked

16  limitations.  Accordingly, Plaintiff's impairment functionally equaled a listing, and

17  Plaintiff is entitled to receive Supplemental Security Income.

18          The decision of the Commissioner is reversed, and the matter is remanded to

19  the Commissioner for the calculation and awarding of benefits.

20

21          DATED:  July 16, 2008

22

23

24  _____
           RALPH ZAREFSKY

25  UNITED STATES MAGISTRATE JUDGE

26

27

28